**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ROBERT HOSSFELD and CHRIS BILEK, individually and on behalf of others similarly situated, | ) ) ) | Case No. 1:20-cv-06566 |
| Plaintiffs, | ) ) | |
| v. | ) ) | **JURY TRIAL DEMANDED** |
| NORVAX, LLC and GOHEALTH, LLC, | ) ) | |
| Defendants. | ) | |

## CLASS ACTION COMPLAINT

1.      Plaintiffs Robert Hossfeld and Chris Bilek ("Plaintiffs"), bring this action

pursuant to the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, a federal statute

enacted in response to widespread public outrage over the proliferation of intrusive, nuisance

telemarketing practices.  *See Mims v. Arrow Fin. Servs.*, *LLC*, 132 S. Ct. 740, 745 (2012).

Plaintiffs also bring claims under the Illinois Automatic Telephone Dialer Act's ("ATDA")

prohibitions against (c) prerecorded telemarketing, and (d) Caller ID spoofing during

telemarketing calls, 815 ILCS 305/1 *et seq*.

2.      Each Plaintiff received autodialed or prerecorded-voice calls from Defendants,

attempting to sell health related goods and services, in the past four years. Neither Plaintiff

requested or otherwise consented to receive such calls, and Plaintiff Hossfeld's number was on

the National Do Not Call Registry when he received them.

3.      Plaintiffs seek money damages and injunctive relief for themselves and other

similarly situated persons.

## Introduction

4.      "Month after month, unwanted robocalls and texts, both telemarketing and

informational, top the list of consumer complaints received by the [Federal Communications]

Commission" ("FCC").[1] The TCPA is designed to protect consumer privacy by, among other things, prohibiting the making of autodialed or prerecorded voice calls to cellular telephone numbers. *See* 47 U.S.C. § 227(b)(1)(A)(iii).

5.     GoHealth caused nonconsensual, autodialed or prerecorded-voice calls to be made to the phone numbers of Plaintiffs and other consumers using a spoofed Caller ID, for the purpose of soliciting its products and services, without having instituted the minimum do-not-call procedures required under the law.

6.     A class action is the best means of obtaining redress for GoHealth's illegal telemarketing, and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## Parties

7.     Plaintiff Hossfeld is a Texas resident, and is a citizen of Texas.

8.     Plaintiff Bilek is an Illinois resident, and a citizen of Illinois.

9.     Defendant Norvax, LLC is a Delaware limited liability company with a principal place of business at 214 West Huron Street, Chicago, Illinois 60654. It is a citizen of Illinois. Norvax, LLC is a health insurance technology company.

10.     Defendant GoHealth, LLC is Delaware limited liability company with a principal place of business at 214 West Huron Street, Chicago, Illinois 60654. It is a citizen of Illinois. It is a subsidiary of Norvax.

11.     Defendants Norvax, LLC and GoHealth, LLC are engaged in a joint venture to gain business through telemarketing, and jointly contracted with telemarketers to make all or most of the calls at issue here. They are referred to jointly herein as "GoHealth."

---

[1] *Omnibus TCPA Order*, GC Docket 02-278, FCC 15-72, 2015 WL 4387780, ¶1 (July 10, 2015).

## Jurisdiction & Venue

12.     This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because Plaintiffs' TCPA claims arise under federal law, and has supplemental jurisdiction over the state law claims because they arise from the same calls as the TCPA claims.

13.     Additionally, the Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d)(2). The matter in controversy exceeds $5,000,000, in the aggregate, exclusive of interest and costs.  Hossfeld is a citizen of a different state than GoHealth, and Plaintiffs allege a nationwide class, which will result in at least one more class member residing in a state different from a Defendant.

14.     Venue is proper under 28 U.S.C. § 1391(b)(1) and (2) because Defendants and Bilek are each a resident and citizen of this District, and a substantial part of the events and omissions giving rise to Plaintiffs' claims occurred in this District.

## Hossfeld Facts

15.     On about March 6, 2019, Plaintiff Hossfeld received an autodialed telemarketing call from 512-879-1914. The caller identified itself as "Allied Insurance Partners," but did not mention GoHealth or any insurance company whose policy might be marketed during this part of the call.

16.     The 512-879-1914 Caller ID number was spoofed to make the call look like it came from someone local to Hossfeld, and to disguise who made the call.

17.     Plaintiff could tell the call was made with an automatic telephone dialing system based upon the approximately five-second pause after he answered the phone. Plaintiff said "hello" twice before an agent came onto the other end of the line.

18.     After answering numerous "qualifying questions," the call was transferred to someone who identified her employer as GoHealth, with a phone number of 877-200-8483, which is GoHealth's phone number. Hossfeld provided a fake name and fake identifying information in response to these questions, for fear of exposing himself to identity theft, although Plaintiff provided his correct email address.

19.     GoHealth then tried to sell Plaintiff a UnitedHealthcare insurance policy.

20.     During the call or reasonably contemporaneous therewith, a GoHealth employee sent Plaintiff an email with an application for a UnitedHealthcare insurance policy. The email stated that it was from UnitedHealthcare, and the email address from which it was sent referenced both GoHealth and UnitedHealthcare, i.e. enrollment@united.gohealth.com, demonstrating the closeness of the parties' telemarketing venture.

21.     Based upon the fact that GoHealth was identified during the call, and the involvement of GoHealth's representative during the call, Plaintiff reasonably believed that the call was made by GoHealth and relied upon such in his dealings with GoHealth.

22.     GoHealth paid Allied Insurance Partners for the Hossfeld telemarketing call.

23.     Plaintiff also received a call from 512-879-1914 on March 4, 2019.

Hossfeld received other calls from or on behalf of GoHealth, too, but because of GoHealth's caller ID spoofing, it is difficult to determine which calls were GoHealth calls.

### Bilek Facts

24.     Plaintiff Chris Bilek received a prerecorded call on about August 31, 2020, from 708-816-0040. The prerecorded message did not identify GoHealth.

25.     The 708-816-0040 Caller ID number was spoofed.

26.     Plaintiff had good reasons to answer unrecognized caller IDs. Bilek had been dealing with family members who were ill and otherwise not doing well, and was waiting for phone calls to report on their health.

27.     Bilek "pressed 1" or similar to indicate that he was interested in what was being sold, and a GoHealth representative began taking his personal information in order to issue a quote for insurance.

28.     The GoHealth employee then sent Bilek an email in order to "prove" that GoHealth, was the caller, and a legitimate healthcare company.

29.     GoHealth was the only entity identified during this call, and it was only identified substantially into the call, after Plaintiff was connected to GoHealth's agent.

30.     Based upon the fact that GoHealth was the only company identified during the call, and the GoHealth representative's assertions that it made the call, Plaintiff reasonably believed that the call was made by GoHealth and relied upon such in his dealings with GoHealth.

**<u>Additional Facts and Allegations</u>**

31.     All or most of these calls to both Plaintiffs "spoofed" the caller ID to make it appear that the calls originated from someone other than GoHealth, and to trick recipients into answering so GoHealth's sales pitch could begin.

32.     Many of the caller IDs also falsely suggest to call recipients that the calls were made "locally," again for the purpose of tricking recipients into answering.

33.     Spoofing also has the purpose and effect of lowering the probability that GoHealth will get caught in making illegal telemarketing calls.

34.     This, coupled with the fact that the prerecorded messages and initial screenings did not identify the caller or seller, or provide a phone number or address, permits GoHealth to make a shocking number of telemarketing calls with relative impunity.

35.     Thus – by design, in order to attempt to evade TCPA liability – only consumers who indicate an interest when presented with the prerecorded message are told who made the calls, and what is being sold.

36.     Bilek received additional prerecorded calls from GoHealth, too, which did not identify GoHealth in the prerecorded portion of the call, did not provide a legitimate phone number or address for GoHealth, and which were made using a spoofed caller ID. These phone calls are difficult to identify given spoofed caller ID and noncompliance.

37.     To the extent GoHealth did not physically make these calls at issue itself, it is nonetheless vicariously liable based on theories of actual authority, apparent authority, and ratification, for these calls were made on its behalf.

38.     GoHealth insists upon controlling – and maintaining the ability to control – the day-to-day operations of its telemarketing vendors. For example, GoHealth asserts the right to terminate its vendor agreement at any time, for any reason, it maintains the specific right to reject any particular call transfer or potential customer that Allied Insurance Partners (or any other similar vendor) provides for any reason at all, GoHealth maintains the unilateral right to reduce the amount of money it pays for telemarketing calls by simply sending an email to its vendor declaring such, GoHealth requires its telemarketing vendors to use GoHealth's special prospective customer tracking database system and prohibits telemarketing vendors from keeping track of their own work in this regard, GoHealth dictates the dates and times telemarketing calls can be made, it dictates the geographical regions to which telemarketing calls

may be made and requires that its telemarketers change such regions at GoHealth's pleasure, GoHealth insists that its telemarketers work with it exclusively, GoHealth insists that it retain complete ownership and control of the relationship with any prospective customer identified through telemarketing as well as all prospective customer data, GoHealth insists upon total confidentiality and prohibits telemarketers from disclosing that they are working with GoHealth without prior written consent from GoHealth, GoHealth retains the exclusive right to terminate its agreement with any telemarketer for any reason or no reason, GoHealth insists that its telemarketers provide substantial warranties concerning their calling while GoHealth disclaims all warranties and all liability flowing the other way, GoHealth directs the ages of call recipients it wants its vendors to call, and GoHealth maintains the right to audit its telemarketing vendors' marketing at any time it wants, in its sole discretion.

39.     To the extent GoHealth did not place the calls itself, Plaintiffs and other class members reasonably believed GoHealth authorized the calls at issue, based on GoHealth's own actions—including through it directly permitting its vendors to use its tradenames during such calls (or directly transferring them to GoHealth representatives during the calls), compensating them for business derived from such calls, permitting them access to detailed, proprietary pricing and product information for use in such calls (including providing an online platform to facilitate transactions),[2] explicitly authorizing them to issue quotes and bind GoHealth through sales derived through such calls, and retaining revenue and providing the goods and services purchased as a result of such.

---

[2]     *See, e.g.,* https://www.gohealth.com/for-agencies ("GoHealth's proprietary customer acquisition and end-to-end platform enables highly effective sales.").

40.     GoHealth knew that Allied Insurance Partners  and other vendors telemarketing on its behalf were doing so using an autodialer or an artificial or prerecorded voice irrespective of the called party's consent or National Do Not Call Registry status in violation of the TCPA, and did nothing to prevent or stop the calling at issue. Instead of repudiating the calls and business derived therefrom, GoHealth knowingly continued to enjoy the benefits of the marketing, such as the advertising benefit and acceptance of revenue from new customers derived therefrom.

41.     GoHealth has been sued multiple times before for substantially identical TCPA violations, but continues to engage in the conduct complained of herein. *See, e.g., Naiman v. GoHealth, LLC*, No. 1:20-cv-00424 (N.D. Ill. filed Jan. 20, 2020); *Bank v. GoHealth, LLC*, No. 1:19-cv-05459 (E.D.N.Y. filed Sept. 25, 2019); *Fitzhenry v. GoHealth, LLC*, No. 1:19-cv-06318 (N.D. Ill. filed Sept. 23, 2019); *Blackbourn v. GoHealth, LLC*, No. 1:19-cv-04655 (N.D. Ill. filed July 10, 2019); *Roby v. GoHealth, LLC*, No. 1:19-cv-02756 (N.D. Ill. filed Apr. 24, 2019); *Newell v. GoHealth, LLC*, No. 1:19-cv-01983 (N.D. Ill. filed Mar. 22, 2019); *Beck v. GoHealth, LLC*, No. 1:18-cv-02889 (N.D. Ill. filed Apr. 23, 2018); *Rafano v. GoHealth, LLC*, No. 1:16-cv-10272 (N.D. Ill. filed Nov. 1, 2016).

42.     GoHealth's actions and omissions with regard to the telemarketing complained of herein, justify a reasonable assumption that it consented to the telemarketing at issue.

43.     GoHealth knowingly accepted business that originated through the nonconsensual telemarketing at issue, including compensating any vendors like Allied Insurance Partners that did so on its behalf, and thereafter provided the products and services purchased through the calling and retained revenue from such, thus ratifying it.

44.     Alternatively, to the extent that GoHealth lacked full knowledge about every aspect of the telemarketing by Allied Insurance Partners or other vendors on its behalf, it failed to investigate further despite knowledge that would have caused a reasonable person to do so. For instance, GoHealth received numerous complaints about nonconsensual telemarketing by it and its vendors, but nonetheless failed to investigate or correct its deficient policies, practices, and procedures that resulted in the illegal calling at issue. Indeed, GoHealth knows that it will continue to benefit from violations of the TCPA and other telemarketing laws like the ATDA, but treats it like a cost of doing business instead of ensuring actual compliance.[3]

45.     GoHealth's violations were negligent. Alternatively, they were willful and knowing.

46.     Plaintiffs were damaged by these calls. Their privacy was improperly invaded, they lost access to use of their phones because GoHealth's calls seized control thereof (and wasted their time in having to address the calling), and Plaintiffs were annoyed.

**Class Action Allegations**

47.     Plaintiffs bring this action under Federal Rules of Civil Procedure 23(b)(2) and (b)(3), on behalf of a class consisting of:

> **Prerecord Class:** All persons in the United States whose residential telephone number Defendants or some third party on their behalf called using an artificial or prerecorded voice, for the purpose of encouraging the purchase of insurance, where such calling was made to a person for whom Defendants did not first obtain a signed writing expressly authorizing such calls.

---

[3]     *See, e.g.,* GoHealth, Inc. SEC Form S-1 (June 19, 2020) (https://www.sec.gov/Archives/edgar/data/1808220/000119312520173051/d797183ds1.htm) ("We also use telephones to communicate with and market to customers and prospective customers and some of these communications may be subject to the Telephone Consumer Protection Act, or TCPA, and other telemarketing laws…. [W]e have in the past and may in the future become subject to claims that we have violated the TCPA and/or other telemarketing laws.").

**Illinois Subclass**: Plaintiff alleges a subclass of the Prerecord Class, comprised of Illinois residents for whom the caller's Caller ID was spoofed.

**National DNC Class:** All non-customers of GoHealth within the United States to whom GoHealth or someone on its behalf initiated more than one call for the purpose of encouraging the purchase of insurance within any 12-month period, despite the residential phone number having been registered on the National Do Not Call Registry for more than 31 days, where Defendants lack any signed, written agreement with the consumer stating that he or she agrees to be contacted by them at the phone number.

**Internal DNC Class:** All persons within the United States to whom Defendants or someone on their behalf initiated more than one call for the purpose of encouraging the purchase of goods or services within any 12-month period, where GoHealth was not identified in the prerecorded message played at the beginning of the call.

48. Upon information and belief, there have been more than 1,000 persons in each class, including whose residential phone number GoHealth or a third-party on its behalf repeatedly called using a spoofed number to solicit insurance using a prerecorded voice, despite the number having been registered with the National Do Not Call Registry and GoHealth lacking any consent to make such calls.

49. Common questions of law or fact exist as to all members of the classes, which predominate over any questions solely affecting any individual member, including Plaintiffs. Such questions common to the class include but are not limited to:

    a. Whether the calls to Plaintiff Bilek and the Prerecord Class were made using an artificial or prerecorded voice as such terms are defined or understood under the TCPA and applicable FCC regulations and orders;

    b. Whether GoHealth had prior express written consent to call the phone numbers of Plaintiff and the other members of the Prerecord Class;

    c. Whether GoHealth had "prior express invitation or permission" under the

TCPA to call the phone numbers of Plaintiffs and the National DNC Class;

d.   Whether GoHealth had established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the TCPA's do-not-call regulations; and

e.   Damages, including whether any violations were performed willfully or knowingly, such that Plaintiffs and the other members of the class are entitled to treble damages under 47 U.S.C. § 227(b)(3) or § 227(c)(5).

50.   Plaintiffs' claims are typical of the claims of the other members of the classes. The factual and legal bases of GoHealth's liability to Plaintiffs and the other members of the classes are the same: GoHealth violated the TCPA by causing prerecorded telemarketing calls to be made to the telephone number of each member of the Prerecord Class without consent, similarly initiated unsolicited telephone solicitations to each member of the National DNC Class despite their number's registration with the National Do Not Call Registry, called members of the Internal DNC Class despite inadequate policies, and made non-consensual autodialed, prerecorded telemarketing calls using spoofed numbers to the Illinois Subclass.

51.   Plaintiffs will fairly and adequately protect the interests of the classes. Plaintiffs have no interests that might conflict with the interests of the classes. Plaintiffs are interested in pursuing their claims vigorously, and they have retained counsel competent and experienced in class and complex litigation, including with regards to the claims alleged herein.

52.   Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual action

would entail. There are, on information and belief, thousands of members of each class, such that joinder of all members is impracticable.

53.     No difficulties are likely to be encountered in the management of this action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

54.     GoHealth has acted and failed to act on grounds generally applicable to Plaintiffs and the other members of the classes, thereby making relief appropriate with respect to the class as a whole. Prosecution of separate actions by individual members of the classes, should they even realize that their rights have been violated, would likely create the risk of inconsistent or varying adjudications with respect to individual members of the classes that would establish incompatible standards of conduct.

55.     The identity of the classes is, on information and belief, readily identifiable from GoHealth's records or those of any applicable vendor.

**COUNT I**
**Violations of the <u>Prerecorded Message</u> Provisions of the TCPA, 47 U.S.C. § 227**
**(On Behalf of Bilek and the Prerecord Class)**

56.     Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein. This Count I is brought by Plaintiff Bilek on behalf of himself and the Prerecord Class.

57.     It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service…." 47 U.S.C. § 227(b)(1)(A)(iii).

58.     It is likewise a violation of the TCPA to "[i]nitiate any telephone call to any residential line using an artificial or prerecorded voice to deliver a message without the prior

12

express written consent of the called party, unless the call: (i) Is made for emergency purposes; (ii) Is not made for a commercial purpose; (iii) Is made for a commercial purpose but does not include or introduce an advertisement or constitute telemarketing; (iv) Is made by or on behalf of a tax-exempt nonprofit organization; or (v) Delivers a 'health care' message made by, or on behalf of, a 'covered entity' or its 'business associate,' as those terms are defined in the HIPAA Privacy Rule, 45 CFR 160.103." 47 C.F.R. § 64.1200(a)(3).

59.     GoHealth initiated or caused to be initiated calls to the residential telephone numbers of Plaintiff Bilek and the other members of the Prerecord Class using an artificial or prerecorded voice.

60.     GoHealth's calls to the Prerecord Class were made for non-emergency, commercial purposes for the purpose of encouraging the purchase of insurance, and thus constituted telemarketing.

61.     These calls were made without regard to whether or not GoHealth had previously obtained express permission or consent from the called party to make such calls.  In fact, GoHealth did not have prior express consent (written or otherwise) to call the phone numbers of Plaintiff and the other members of the Prerecord Class when the calls were made.

62.     These violations were willful or knowing.

63.     As a result of GoHealth's conduct and pursuant to Section 227(b)(3) of the TCPA, Plaintiff and the other members of the Prerecord Class were harmed and are each entitled to a minimum of $500 in damages for each violation.  Plaintiff and the Prerecord Class are also entitled to an injunction against future calls.  47 U.S.C. § 227(b)(3).

64.     Because GoHealth knew or should have known that Plaintiff and the other members of the Prerecord Class had not given prior express consent to receive its prerecorded-

voice telemarketing calls to their phones—and/or willfully caused such calls to be made to the phones of Plaintiff and the other members of the Prerecord Class without prior express consent—the Court should treble the amount of statutory damages available to Plaintiff and the other members of the Prerecord Class, pursuant to Section 227(b)(3) of the TCPA.

WHEREFORE, Plaintiff Bilek, individually and on behalf of the Prerecord Class, respectfully requests that the Court enter judgment against GoHealth for:

A.    Certification of the Prerecord Class as alleged herein;

B.    Damages, pursuant to 47 U.S.C. § 227(b)(3);

C.    Injunctive relief, pursuant to 47 U.S.C. § 227(b)(3), aimed at preventing Defendant from violating the TCPA in the future, including:

    1.    Requiring GoHealth to establish and implement do-not-call policies;

    2.    Requiring GoHealth to hire a Court-approved, independent auditing company to (a) investigate all allegations of TCPA violations, and (b) audit no less than 10% of GoHealth's telemarketing calls to ensure that GoHealth had consent and that the consumer had not previously asked that calls stop, and (c) report the results of the above investigations to the Court and Plaintiff's counsel on a quarterly basis; and

    3.    Requiring GoHealth to include an automated IVR opt-out mechanism at the beginning of any and all prerecorded-voice calls, for which opt-outs are actually honored;

D.    Attorneys' fees and costs, as permitted by law; and

E.       Such other or further relief as the Court deems just and proper.

**COUNT II**
**Violations of the <u>Do Not Call Registry</u> provisions of the TCPA, 47 U.S.C. § 227**
**(On Behalf of Hossfeld and the National DNC Class)**

65.      Plaintiff re-alleges and incorporates all prior paragraphs. This Count II is brought by Plaintiff Hossfeld on behalf of himself and the National DNC Class.

66.      It is a violation of the TCPA to initiate any telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the National Do Not Call Registry. 47 C.F.R. § 64.1200(c)(2).

67.      GoHealth violated the TCPA by initiating multiple telephone solicitations to Plaintiff Hossfeld and the other members of the National DNC Class in a 12-month period, despite the person's registration of his or her telephone numbers on the National Do Not Call Registry.

68.      These violations were willful or knowing.

69.      As a result of GoHealth's violations of the TCPA's national do-not-call rule, Plaintiff and the other members of the National DNC Class are each entitled to an injunction and up to $500 in damages for each such violation. 47 U.S.C. § 227(c)(5).

70.      Because such violations were willful or knowing, the Court should treble the amount of statutory damages, pursuant to 47 U.S.C. § 227(c)(5).

71.      To the extent GoHealth did not physically "initiate" the calling at issue itself, it is nonetheless directly liable because it made the telemarketing pitch itself, and is vicariously liable based on theories of actual authority, apparent authority, and ratification, for these calls were made on its behalf.

WHEREFORE, Plaintiff Hossfeld, individually and on behalf of the National DNC Class,

respectfully requests that the Court enter judgment against GoHealth for:

A.   Certification of the National DNC Class as alleged herein;

B.   Damages, pursuant to 47 U.S.C. § 227(c)(5);

C.   Injunctive relief, pursuant to 47 U.S.C. § 227(c)(5), aimed at preventing GoHealth from violating the TCPA in the future, including:

1.   Requiring GoHealth to establish and implement do-not-call policies;

2.   Requiring GoHealth to hire a Court-approved, independent auditing company to (a) investigate all allegations of TCPA violations, and (b) audit no less than 10% of GoHealth's telemarketing calls to ensure that GoHealth had consent and that the consumer had not previously asked that calls stop, and (c) report the results of the above investigations to the Court and Plaintiff's counsel on a quarterly basis; and

3.   Requiring GoHealth to include an automated IVR opt-out mechanism at the beginning of any and all prerecorded-voice calls, for which opt-outs are actually honored;

D.   Attorneys' fees and costs, as permitted by law; and

E.   Such other or further relief as the Court deems just and proper.

### COUNT III
### Violations of the <u>Internal Do Not Call</u> provisions of the TCPA, 47 U.S.C. § 227
### (On Behalf of Plaintiffs Bilek and the Internal DNC Class)

72.   Plaintiff re-alleges and incorporates all prior Paragraphs. This Count III is brought by Plaintiff Bilek, on behalf of himself and the Internal DNC Class.

73.     It is a violation of the TCPA to initiate any telemarketing call to a residential telephone subscriber that does not provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the calls were being made, and a telephone number or address at which the person or entity may be contacted. 47 C.F.R. § 64.1200(d)(4). Such identification must be made at the beginning of the call. *See, e.g., In re Rules & Regs. Implementing the TCPA*, 7 F.C.C. Rcd. 8752 (1992) ("The TCPA mandates that all artificial or prerecorded telephone messages delivered by an autodialer state clearly the identity of the caller at the beginning of the message and the caller's telephone number or address during or after the message, § 227(d)(3)(A), and we adopt this requirement in our rules, 64.1200(d).").

74.     Most of the calls Plaintiff Bilek received from GoHealth failed to identify the caller, and failed to identify the person on whose behalf the calls were made, including during the prerecorded voice message part of the call.

75.     The primary reason that GoHealth was not mentioned in these calls, or was mentioned late in the calls, is that GoHealth prohibits telemarketers from disclosing that they work for GoHealth, except under certain circumstances.

76.     Additionally, the caller ID spoofing as described herein prevented Plaintiff Bilek and others from receiving a true phone number or address at which the telemarketer or seller could be contacted. This was exacerbated by GoHealth's practice of using anonymous prerecorded messages and waiting until the last possible instant to reveal the true identities of the entities and persons behind the calls.

77.     Another primary reason that GoHealth violated 47 C.F.R. § 64.1200(d)(4), is that they do not have a Do Not Call policy that complies with the TCPA, and because it does not adhere to any compliant policies they might have.

78. These violations were willful or knowing.

79. As a result of GoHealth's violations of the TCPA's internal do-not-call rules, Plaintiff and the other members of the Internal DNC Class are each entitled to an injunction and up to $500 in damages for each such violation. 47 U.S.C. § 227(c)(5).

80. Because such violations were willful or knowing, the Court should treble the amount of statutory damages, pursuant to 47 U.S.C. § 227(c)(5).

81. To the extent GoHealth did not physically "initiate" the calling at issue itself, it is nonetheless vicariously liable based on theories of actual authority, apparent authority, and ratification, for these calls were made on its behalf.

WHEREFORE, Plaintiff Bilek, individually and on behalf of the Internal DNC Class, respectfully requests that the Court enter judgment against GoHealth for:

A. Certification of the Internal DNC Class as alleged herein;

B. Damages, pursuant to 47 U.S.C. § 227(c)(5);

C. Injunctive relief, pursuant to 47 U.S.C. § 227(c)(5), aimed at preventing GoHealth from violating the TCPA in the future, including:

1. Requiring Defendant to establish and implement do-not-call policies;

2. Requiring GoHealth to hire a Court-approved, independent auditing company to (a) investigate all allegations of TCPA violations, and (b) audit no less than 10% of GoHealth's telemarketing calls to ensure that they are identified during the beginning of each call; and

3. Requiring GoHealth to include an automated IVR opt-out

18

mechanism at the beginning of any and all prerecorded-voice calls,

for which opt-outs are actually honored;

D.    Attorneys' fees and costs, as permitted by law; and

E.    Such other or further relief as the Court deems just and proper.

## COUNT IV
### Prerecorded Message Violations of the ATDA, 815 ILCS 305/1 *et seq.*
### (On Behalf of Plaintiff Bilek and the Illinois Subclass)

82.    Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth

herein. This Count IV is brought by Plaintiff Bilek on behalf of himself and the Illinois Subclass.

83.    The ATDA prohibits "play[ing] a prerecorded message placed by an autodialer

without the consent of the called party." 815 ILCS 305/30(b).

84.    Under the ATDA, an "autodialer" or "autodialer system" is defined as "any

telephone dialing or accessing device, machine, computer or system capable of storing telephone

numbers which is programmed to sequentially or randomly access the stored telephone numbers

in order to automatically connect a telephone with a recorded message[.]" 815 ILCS 305/5(a).[4]

85.    A "recorded message" refers to "any taped communication soliciting the sale of

goods or services without live voice interaction." 815 ILCS 305/5(c).

86.    GoHealth did not have the consent of Plaintiff Bilek or the other members of the

Illinois Subclass to play a prerecorded message placed by an autodialer.

87.    Nonetheless, GoHealth caused calls to be made to the phones of Plaintiff and the

other members of the Illinois Subclass using a telephone dialing or accessing device, machine,

computer or system capable of storing telephone numbers which is programmed to sequentially

---

[4]    The term "autodialer" or "autodialer system" does not include "device[s] associated with a
burglar alarm system, voice message system or fire alarm system." 815 ILCS 305/5(a).

or randomly access the stored telephone numbers in order to automatically connect a telephone with a recorded message. No human being physically dialed each digit of Plaintiff's or the other Illinois Subclass members' phone numbers to connect their telephones with a recorded message.

88. GoHealth's prerecorded messages to the phones of Plaintiff and the other Illinois Subclass members included language soliciting the sale of goods or services without live voice interaction, including offering insurance products.

89. Consequently, GoHealth violated the ATDA by playing a prerecorded message placed by an autodialer during calls to the phones of Plaintiff and the other Illinois Subclass members, without such persons' consent.

90. As a result of GoHealth's conduct and pursuant to Section 30(c)-(c-5) of the ATDA, Plaintiff and the other members of the Illinois Subclass were harmed and are each entitled to statutory damages of $500 per violation and three times any actual damages, as well as costs and attorneys' fees. 815 ILCS 305/30(c)-(c-5).

WHEREFORE, Plaintiff Bilek, individually and on behalf of the Illinois Subclass, respectfully requests that the Court enter judgment against GoHealth for:

    A.    Damages, pursuant to 815 ILCS 305/30;

    B.    Attorneys' fees and costs, as permitted by law; and

    C.    Such other or further relief as the Court deems just and proper.

### COUNT V
### Caller ID Spoofing Violations of the ATDA, 815 ILCS 305/1 *et seq.*
### (On Behalf of Plaintiff Bilek and the Illinois Subclass)

91. Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein. Plaintiff Bilek brings this Count V on behalf of himself and the Illinois Subclass.

92.     The ATDA prohibits "mak[ing] or caus[ing] to be made telephone calls utilizing an autodialer in a manner that does not comply with Section 15." 815 ILCS 305/30(a).

93.     Section 15 of the ATDA, in turn, provides that "[a]n autodialer may not be operated in a manner that impedes the function of any caller ID when the telephone solicitor's service or equipment is capable of allowing the display of the solicitor's telephone number." 815 ILCS 305/15(d).

94.     Under the ATDA, an "autodialer" or "autodialer system" is defined as "any telephone dialing or accessing device, machine, computer or system capable of storing telephone numbers which is programmed to sequentially or randomly access the stored telephone numbers in order to automatically connect a telephone with a recorded message[.]" 815 ILCS 305/5(a). A "recorded message" refers to "any taped communication soliciting the sale of goods or services without live voice interaction." 815 ILCS 305/5(c).

95.     GoHealth caused a prerecorded message soliciting the sale of insurance and health related goods and services to the phones of Plaintiff and the other members of the Illinois Subclass.

96.     Specifically, GoHealth's calls to Plaintiff and the other Illinois Subclass members were made by a telephone dialing or accessing device, machine, computer or system capable of storing telephone numbers, which was programmed to sequentially or randomly access Plaintiff's and the other Illinois Subclass members' stored telephone numbers in order to automatically connect their telephones with a recorded message soliciting the sale of goods or services without live voice interaction.

97.     While, on information and belief, the service or equipment used to make such calls was capable of allowing the display of its telephone number, GoHealth or their vendor(s)

impeded caller identification by using spoofed numbers during the calls to Plaintiff and the other members of the Illinois Subclass.

98.     As a result of GoHealth's conduct and pursuant to Section 30(c)-(c-5) of the ATDA, Plaintiff and the other members of the Illinois Subclass were harmed and are each entitled to statutory damages of $500 per violation and three times any actual damages, as well as costs and attorneys' fees. 815 ILCS 305/30(c)-(c-5).

WHEREFORE, Plaintiff Bilek, individually and on behalf of the Illinois Subclass, respectfully requests that the Court enter judgment against GoHealth for:

A.     Damages, pursuant to 815 ILCS 305/30;

B.     Attorneys' fees and costs, as permitted by law; and

C.     Such other or further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs request a trial by jury of all claims that can be so tried.

Respectfully submitted,

Dated: November 4, 2020

ROBERT HOSSFELD and CHRIS BILEK, individually and on behalf of others similarly situated

By: _/s/ Alexander H. Burke_

Alexander H. Burke
Daniel J. Marovitch
BURKE LAW OFFICES, LLC
909 Davis St., Suite 500
Evanston, IL 60201
Telephone: (312) 729-5288
aburke@burkelawllc.com
dmarovitch@burkelawllc.com

*Counsel for Plaintiff*

22

### **Document Preservation Demand**

Plaintiffs hereby demands that each Defendant take affirmative steps to preserve all recordings, data, databases, call records, consent to receive autodialed or artificial or prerecorded voice calls, e-mails, recordings, documents, and all other tangible things that relate to the allegations herein, Plaintiffs, or the putative class members, or the making of telephone calls, the events described herein, any third party associated with any telephone call, campaign, account, sale, or file associated with Plaintiffs or the putative class members, and any account or number or symbol relating to any of them. These materials are very likely relevant to the litigation of this claim. If a Defendant is aware of any third party that has possession, custody, or control of any such materials, Plaintiff demands that it request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of Defendants.

 */s/ Alexander H. Burke*